## FARMERVILLE BANK v. TUCKER.
### No. 5157.

Court of Appeal of Louisiana. Second Circuit.

March 2, 1936.

Guy H. Holloway, of Farmerville, for appellant.

Edw. Everett, Jr., of Farmerville, for appellee.

TALIAFERRO, Judge.

Plaintiff, the transferee of the Farmerville State Bank, brings this suit against John F. Tucker, maker, and H. L. Phelps, indorser, on a promissory note for $472, with 8 per cent. interest and 10 per cent. attorney's fees. This note is dated March 3, 1933, and matured October 1, 1933. It is credited with a payment of $124.44, as of May 16, 1933. Said note was acquired by plaintiff when it took over all of the assets and assumed all of the liabilities of the Farmerville State Bank.

Tucker, the maker of the note, admits its execution and that Phelps indorsed it, but denies that he now owes any part of it. As a special defense, urged by way of a reconventional demand, defendant avers that in the year 1931 he delivered in pledge to the payee bank eight bales of cotton, aggregating in weight 4,370 pounds, to secure the payment of a note due by him to said bank at that time, in extension and renewal of which the note sued on was ultimately given; that, in accordance with the conditions and stipulations of the contract of pledge, the payee bank was without right to sell said cotton without first giving him 24 hours' notice within which to give additional security; that said notice was never given him; and that he was not aware the cotton had been sold until after he executed the note sued on. Defendant further avers that, subsequent to executing said note, he learned that the cotton had been sold for about 4 cents per pound, and that said sale was made without his knowledge or consent, and in violation of the terms and conditions of said pledge. He also avers that the cotton, prior to and at the time plaintiff acquired the note, was worth 9 cents per pound, or a total of $393.30; and that it is now worth that amount. He prays for judgment in reconvention therefor as an offset to the note.

Phelps did not answer. As to him, issue was joined by default.

There was judgment for plaintiff as prayed for, and Tucker has appealed.

The pledged cotton was sold on call on December 3, 1931, along with over 300 bales held by the bank. On this date and in June following, when actual delivery of the cotton was made to the purchaser, the bank held two of Tucker's notes, amounting to $537, which were past due. On the faith of the call contract, 5.10 cents per pound was advanced, less allowance for freight, storage, and other charges, leaving a net amount of $161.30 to be credited on the past-due notes. Thereafter a balance was struck, and in renewal thereof Tucker gave the bank the note sued on. He contends that he understood the bank had drawn this amount against the cotton without selling it, whereas the bank's president testified positively that defendant was made acquainted with the details of the whole matter and knew the cotton had been sold before signing the note. The fact that he paid $124.40 thereon afterwards argues strongly that his present defense against the enforcement of the note is an afterthought. However, we do not think a correct decision of the case necessarily turns upon a resolution of the question of fact disclosed from what we have just said. The note sued on is conceded to be in the same language as that held by the bank when the cotton was

pledged to it. Defendant invokes its stipulations in his effort to escape further liability thereon; and plaintiff relies with equal confidence upon its provisions to justify the selling of the cotton at the time it was sold.

The stipulation invoked by defendant reads as follows: "This note is secured by pledge and delivery of the securities mentioned on the reverse hereof, and any securities that may be substituted therefor, and any and all other securities that may have been already pledged to this Bank. Should said securities decline in value, the maker of this note hereby agrees within twenty-four hours from demand on him to that effect made by the holder of this note, to furnish and pledge additional securities satisfactory to the holder of this note, to cover such decline, and the failure or refusal by the maker to furnish such additional securities when so called for shall at once mature this note and pledge without putting in default."

And that relied on by plaintiff is as follows: "Should this note not be paid at maturity, or when it becomes due by failure to furnish additional securities, as above provided, or for any other reason, then the holder thereof is hereby authorized to sell the pledged securities at public or private sale, without recourse to judicial proceedings. * * *"

The cotton market declined continuously from the time the cotton was pledged.

It is admitted by plaintiff that the 24-hour notice to defendant to "furnish and pledge additional securities" to protect his obligations was not given. Defendant does not assert that he was able to furnish additional securities had he been called on to do so. Plaintiff's contention is that the payee bank, under the plain terms of the note, had the unqualified right to dispose of the cotton in the manner it was disposed of the moment the note matured or became exigible after failure of the maker to put up additional securities following the giving of the 24-hour notice. This position is unquestionably sound. To deny its soundness and grant to defendant the relief he seeks would be to delete from his own contract that which is unfavorable to him and to enforce only that part which, standing alone, supports his position. This contract, as is true of all commutative agreements, must be construed and enforced as a whole. It was executed with full knowledge of its binding character. No error or fraud are alleged or proven in connection with its execution; and no rule of interpretation is known to us, or referred to, which would except such a contract from the general rule applicable to commutative agreements. On the bank's part, it consented to a renewal of defendant's note and granted him additional time to pay it; while defendant, on his part, pledged the cotton against the note and consented that should it not be paid when it became due again, the bank would then have the right to sell the pledged property at private sale and apply the proceeds on the note. This is authorized by article 3165 of the Civil Code, as amended. Such an agreement is a reasonable one. It is employed by banks generally and others advancing money under contracts of pledge.

We are of the opinion the judgment appealed from is correct; and it is affirmed, with costs.